**Days Estate**

*Philip B. Driver, Jr.* and *W. Glenn George,* for accountant.

*Percy H. Sand,* for contestants.

DIGGINS, P. J., December 23, 1971.—This case is before the court on exceptions to the adjudication of this court of July 15, 1971. Decedent died December 15, 1969, intestate. He was survived by his widow, Anna T. Days, but was not survived by issue. Decedent was also survived by two half-brothers, Frank Nauss and Robert Nauss, and by a half-sister, Alice M. Jaunich.

On December 20, 1969, decedent's half-brothers and half-sister each executed a disclaimer and renunciation of their respective rights in decedent's estate under the intestate laws of the Commonwealth of Pennsylvania in favor of decedent's widow, Anna T. Days. However, the half-sister, Alice Jaunich, and one of the half-brothers, Frank Nauss, subsequently sought to set aside their disclaimers and renunciations, as aforesaid, and a hearing was held on October 27, 1970. At that time, testimony was offered on behalf of the estate in support of the validity of the disclaimers and renunciations, and on behalf of Alice Jaunich and Frank Nauss, challenging the validity of the disputed renunciations and disclaimers. Briefs were subsequently filed on behalf of the parties in support of their respective positions. Frank Nauss and Alice Jaunich also contested the inventory value of a certain

98 shares of stock in 772 Bar, Inc. This objection was dismissed, and the contestants do not challenge the propriety thereof in the exceptions presently under consideration.

With regard to the former issue, this court, in its adjudication of July 15, 1971, found that "The disclaimer and renunciation executed on behalf of Frank Nauss and Alice Jaunich is ineffective to transfer their interest in the estate of their deceased half-brother to Anna T. Days in light of their subsequent repudiation of the disclaimer and renunciation." This conclusion was based, inter alia, upon the following findings of fact:

"The disclaiming parties did not know the extent of their interest in the decedent's estate or the value of the decedent's estate at the time the instrument was executed."

2. "No consideration was given for the disputed disclaimer."

3. "No evidence discloses knowledge upon which a specific intent to make a gift could be formed."

4. "The parties thought by executing the disclaimer they were abandoning little or nothing."

5. "Not one cogent reason has been offered to this Court to suggest why this half-brother and sister should be deprived of what the law has declared is theirs, except a writing of rather dubious import or significance."

This court also found that, as to the other half-brother, Robert Nauss, who, subsequent to a complete disclosure of all relevant facts, nevertheless ratified his act of executing the aforesaid document, that the execution thereof by him was effective as an assignment in favor of decedent's widow, Anna T. Days, of the share to which he otherwise would have been entitled.

Accordingly, it was held that Frank Nauss and Alice Jaunich were each entitled to share in decedent's distributive estate, such shares being those which these distributees would have received by virtue of the intestate laws of Pennsylvania had the aforementioned disclaimer and renunciation never been executed by them. The widow, Anna T. Days, was awarded a share which was intended to be the combination of the share assigned to her by Robert Nauss together with the applicable widow's share provided by the intestate laws. The adjudication specified the following awards, viz., to:

"Anna T. Days—$20,000.00 and 5/9th of the balance of principal and income available for distribution.

"Frank Nauss—2/9ths of the balance of principal and income available for distribution.

"Alice M. Jaunich—2/9ths of the balance of principal and income available for distribution."

The adjudication also provided that the administratrix was authorized to make distribution in kind.

Both parties have filed exceptions to the adjudication. We will consider first the exceptions of Frank Nauss and Alice M. Jaunich. These contestants first argue that the share of Robert Nauss, having been renounced and disclaimed, should fall into the general residue and, hence, be divided between the aforementioned contestants. It is difficult to conceive of a more inequitable result. The disclaimer and renunciation executed by Robert Nauss, the validity of which he has supported throughout this entire dispute, clearly and unmistakably is solely "in favor of decedent's widow, Anna T. Days." Moreover, the record reveals that the specific intent and purpose of Robert Nauss' act was to benefit decedent's widow, and no one else. Therefore, we find that the renunciation and disclaimer of

Robert Nauss is specifically limited to be in favor of decedent's widow, is thus an assignment to her of his share and is effective as such. In light of this record, the court cannot and will not permit Frank Nauss and Alice Jaunich to reap an added reward, above their legal intestate shares, by virtue of the ratification by Robert Nauss of the disclaimer in favor of the widow. Accordingly, the contestants' first exception is dismissed.

The contestants also take exception to the authorization granted to make distribution in kind of the 98 shares of 772 Bar, Inc. They argue that the shares will have little or no value to the heirs as they will be minority shareholders of a going business being operated by the majority shareholders. Hence, they seek distribution to them of the sale value of these shares. We find no merit in this contention. There is nothing unusual about being minority stockholders in a business being operated by the majority stockholders. Moreover, nothing prevents these heirs from selling the shares to any willing buyer, including the majority stockholders. If the heirs fear being mistreated by the majority stockholders, they have recourse to the remedies afforded by the corporation laws. The contestants' second exception is also dismissed.

The exceptions of the accountant-widow fall into three basic categories. First, there are exceptions to the five basic findings of fact shown here. After a review of the record, we must arrive at the same conclusions as heretofore determined. While some testimony exists which could support the contentions of the accountant-widow, the preponderance of the most credible evidence sustains the findings of fact as per the aforesaid adjudication. Of course, credibility is a matter for the finder of fact, be it judge or jury. Here, we repeat,

as we said in the adjudication, "we do not believe that the record demonstrates fraud or misrepresentation." That is not to say that the circumstances under which the signatures of the half-brothers and sister were acquired were not improvident. This court is not unmindful that the uncontroverted testimony of both half-brothers and half-sister is that they were requested to attend the meeting on very short notice, without advance revelation of its purpose, and to come alone, which is to say, without counsel.

This record is utterly devoid of any explanation for the haste with which these heirs were requested to give away legal rights. The half-brothers and sister were not only denied an opportunity to consult with independent counsel and the immediate members of their respective families, but were also precluded from giving the matter deliberation and contemplation over a reasonable period of time. When unrepresented private parties are induced to gratuitously waive their legal rights under such circumstances, and subsequently make timely repudiation of those waivers, a substantial burden is imposed upon the beneficiary of those waivers to justify the inducement in light of the circumstances. Here, that burden has not been met.

For these reasons, and for the reasons articulated in the aforementioned adjudication, the exceptions of the accountant-widow numbers 1 through 4, 6 and 7 are dismissed.

Secondly, the accountant-widow excepts to the court's failure to apply the provisions of the Uniform Written Obligations Act of May 13, 1927, P. L. 985, as amended, 33 PS §6. This act provides that:

"A written release or promise, hereafter made and signed by the person releasing or promising, shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express state-

ment, in any form of language, that the signer intends to be legally bound."

Without question, the disclaimer form signed by the half-brothers and sister contains such a statement. However, the act provides nothing more than a formal substitute for consideration; the words become a type of seal. But here, it is not the mere lack of consideration that renders the document ineffective; it is the circumstances attending its procurement and execution.

A promise, even if supported by the consideration of a return promise, may be voided if both promises are wholly executory and the promise was unfairly induced. The principle is well articulated in the Restatement of Contracts, §497:

"Where one party is under the domination of another, *or by virtue of the relation between them is justified in assuming that the other party will not act in a manner inconsistent with his welfare,* a transaction induced by unfair persuasion of the latter, is induced by undue influence and is voidable." (Italics supplied)

As indicated in comment (a) of the section, the relation between the parties need not be one of the ordinary fiduciary ones: ". . . even though none of the relations enumerated above exist, if the relationship in fact was such that there was dominance or justifiable trust and confidence, the result is the same as if it were based on one of the relationships enumerated above." Comment (b) states that "Inadequacy of consideration or any other disadvantageous feature in an agreement is important *as evidence* in connection with other circumstances *showing unfair persuasion,* but is not in itself enough to establish undue influence. *Good faith of the persuader does not preclude the* possibility of undue influence . . ." Comment (c) articulates that: "The degree of persuasion that is

..

unfair depends on a variety of circumstances. The ultimate question is not merely whether the persuasion induced the transaction, for such persuasion is often permissible, but whether the result was produced on the one hand by influencing a freely exercised and competent judgment or on the other by dominating the mind or *emotions*. The weakness or dependence of the person persuaded is a strong circumstance tending to show persuasion may have been unfair." The weakness referred to above would well include emotional weakness produced by sympathy and bereavement. (Italics supplied.)

Accordingly, the lack of consideration here is but an evidentiary element showing unfair persuasion. Since a promise induced by unfair persuasion is voidable notwithstanding the existence of a technical consideration or lack thereof, the Uniform Written Obligations Act does not control.

Although it seemed implicit in the adjudication of July 15, 1971, we will, at the expense of seeming redundant, articulate clearly that we find that as to Frank Nauss and Alice M. Jaunich, the execution of the aforesaid waiver and renunciation in light of all the circumstances attendant thereto, was the product of unfair persuasion within the meaning of section 497 of the Restatement of Contracts, and is thus voidable. And this is true notwithstanding the Uniform Written Obligations Act or good faith on the part of the persuader. See comment (b) hereinabove cited and quoted; Exception (5) of the accountant-widow is, therefore, dismissed.

Finally, the accountant-widow takes exception to the order of distribution of the aforesaid adjudication. She contends that decedent died without issue, and, under the Intestate Act, as aforesaid, the widow is entitled to $20,000 plus one-half of the balance of

the distributive estate. This is unquestionably correct. She further argues that the other one-half should be divided into three shares, thus giving Frank Jauss a 1/6th share, Alice Jaunich a 1/6th share and Robert Nauss a 1/6th share which, by virtue of his ratified assignment, is to be distributed to the widow, Anna T. Days. This contention is also correct. Accordingly, the court acknowledges that the arithmetical figures of the adjudication of July 15, 1971, are erroneous, and the eighth exemption of the accountant-widow is sustained.

Accordingly, the court enters the following

## ORDER

And now, to wit, December 23, 1971, it is ordered, adjudged and decreed that:

1. The exceptions to the adjudication filed on behalf of Frank Nauss and Alice M. Jaunich be, and the same are, hereby dismissed;

2. Exceptions 1 through 7, inclusive, of the accountant-widow be, and the same are, hereby dismissed;

3. Exception No. 8, filed on behalf of the accountant-widow, to the adjudication be, and the same is hereby sustained; and

4. The order of distribution of this estate as pronounced by the adjudication of July 15, 1971, is hereby modified to read:

"Anna T. Days—$20,000.00 and 2/3rds of the balance of principal and income available for distribution.

"Frank Nauss—1/6th of the balance· of principal and income available for distribution.

"Alice Jaunich—1/6th of the balance of principal and income available for distribution."

5. The adjudication of July 15, 1971, as hereinabove modified, is affirmed.

AMENDED ADJUDICATION
ORDER AND DECREE

DIGGINS, P. J., March 6, 1972.—WHEREAS, decedent died December 15, 1969, intestate, survived by his widow, Anna T. Days, and by two half-brothers, Frank Nauss and Robert Nauss, and by a half-sister, Alice M. Jaunich, and

WHEREAS, on December 20, 1969, decedent's half-brothers and half-sister each executed a disclaimer and renunciation of their respective rights in decedent's estate under the intestate laws of the Commonwealth of Pennsylvania in favor of decedent's widow, Anna T. Days, and

WHEREAS, the half-sister, Alice Jaunich, and one of the half-brothers, Frank Nauss, subsequently sought to set aside their disclaimers and renunciations, as aforesaid, and WHEREAS, this court in its adjudication of July 15, 1971, found that "the disclaimer and renunciation executed on behalf of Frank Nauss and Alice Jaunich is ineffective to transfer their interest in the estate of their deceased half-brother to Anna T. Days in light of their subsequent repudiation of the disclaimer and renunciation," and

WHEREAS, exceptions to the adjudication of July 15, 1971, were filed on behalf of Frank Nauss and Alice Jaunich, and WHEREAS, this court under date of December 23, 1971, filed an opinion and amended adjudication providing that the widow, Anna T. Days, was to be awarded $20,000 and two-thirds of the balance of principal and income available for distribution and Frank Nauss was to be awarded one-sixth of the balance of principal and income available for distribution, and Alice Jaunich was to be awarded one-sixth of the balance of principal and income available for distribution, and otherwise the adjudication of

July 15, 1971, was to be affirmed, and WHEREAS, Frank Nauss and Alice Jaunich, by their attorney, Percy H. Sand, Esq., have withdrawn their objections to the first and final account of Anna T. Days, Administratrix of the Estate of Walter H. Days, and their petition to set aside the disclaimers signed on their behalf, and

WHEREAS, counsel for the administratrix has joined in a request that an amended adjudication be issued containing the first five paragraphs of the adjudication dated July 15, 1971, followed by a paragraph stating that the objection to the account and petition to set aside disclaimer has been withdrawn, and requesting that distribution of the entire estate be made to the widow, Anna T. Days, and

WHEREAS, it appearing that all interested parties and their respective counsel agree that an amended adjudication and order be issued providing for distribution of the entire estate to decedent's widow, Anna T. Days, it is ordered, adjudged, and decreed as follows:

The final adjudication of the Estate of Walter H. Days, Deceased, be, and the same hereby is, amended to read as follows:

Decedent died December 15, 1969, intestate, and letters of administration were granted on his estate on December 19, 1969. Decedent was survived by his wife, Anna T. Days, but was not survived by children. In addition, decedent was survived by Frank Nauss and Robert Nauss, half-brothers; and Alice M. Jaunich, a half-sister.

Petitioner avers that all parties in interest are living and have had actual notice of the filing of the account and of the time and place of audit.

Petitioner avers that the inheritance tax due the Commonwealth of Pennsylvania has been paid and in

evidence thereof has submitted the official receipt for the court's inspection.

Petitioner avers that there are no unpaid claims against the estate of which he has notice or knowledge.

Petitioner avers that decedent was not at the time of his death a fiduciary in any other estate.

The objections to the account and the petitions to set aside disclaimers filed on behalf of Frank Nauss and Alice M. Jaunich have been withdrawn, and all interested parties request that the entire estate be distributed to decedent's widow, Anna T. Days.

In conformance with the intestate laws of the Commonwealth of Pennsylvania in light of the disclaimers, renunciations, and/or assignments in favor of the widow, Anna T. Days, hereinabove referred to, subject to such distribution as may heretofore properly have been made, there is awarded unto:

Anna T. Days, the entire balance of principal and income of decedent's distributive estate.

Distribution may be made in kind, and a schedule therof is not required.

Upon the filing of an order to satisfy an award by the sole distributee herein named, the administratrix and her sureties will be discharged from further liability as such.

Done this 6th day of March, 1972.